# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-3271

_____

Jimmy R. Heikkila

*Plaintiff - Appellant*

v.

Wendy Kelley, Director, Arkansas Department of Correction; Randy Watson,
Warden, Varner Unit, Arkansas Department of Correction; Joshua Mayfield,
Administrator of Religious Services, ADC

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: August 28, 2019
Filed: September 11, 2019
[Unpublished]

_____

Before SHEPHERD, GRASZ, and KOBES, Circuit Judges.

_____

PER CURIAM.

Jimmy Heikkila appeals the district court's[1] grant of summary judgment in his pro se action raising claims under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA), in which he challenged Arkansas Department of Correction (ADC) policies limiting the practice of Native American Religion (NAR). We review the grant of summary judgment de novo, viewing the evidence and all fair inferences from it in the light most favorable to Heikkila. See Johnson v. Blaukat, 453 F.3d 1108, 1112 (8th Cir. 2006).

Heikkila originally raised claims concerning access to eagle feathers, headdresses, and ceremonial pipes and tobacco; the district court dismissed the claims as moot because Heikkila stipulated that those issues had been resolved. We conclude that the dismissal was proper, as Heikkila agreed that the issues had been resolved. We will not consider the merits of those claims on appeal. See United States v. Hirani, 824 F.3d 741, 751 (8th Cir. 2016) (ordinarily, this court will not consider argument raised for first time on appeal). As to Heikkila's claims that the denial of access to a sweat lodge violated his rights to free exercise and equal protection, we conclude that the district court properly granted summary judgment. The ADC's sweat lodge ban was reasonably related to legitimate safety and security interests, see Gladson v. Iowa Dep't of Corr., 551 F.3d 825, 831 (8th Cir. 2009) (to establish free-exercise violation, inmate must prove that government infringed sincerely held religious belief and that infringement was not reasonably related to legitimate penological interest); and Heikkila failed to show that the ban was based on the intent to discriminate against NAR adherents, see Patel v. United States Bureau of Prisons, 515 F.3d 807, 816 (8th Cir. 2008) (to establish equal protection claim, prisoner must show differential treatment was motivated by intentional or purposeful discrimination). Heikkila's claim for damages under RLUIPA also failed,

---

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable J. Thomas Ray, United States Magistrate Judge for the Eastern District of Arkansas.

as damages are not available in this context.  See Haight v. Thompson, 763 F.3d 554, 568 (6th Cir. 2014) (every circuit to consider question has held that RLUIPA does not allow money damages against state prison officials, even where suit is against officials in their individual capacities).

As to Heikkila's claim that he was entitled to injunctive relief under RLUIPA based on the denial of access to a sweat lodge, he argues on appeal that the district court improperly rejected his non-traditional sweat lodge proposal, as the ADC did not consider his alternative rather than a total sweat lodge ban.  See 42 U.S.C. § 2000cc-1 (government may not impose substantial burden on religious exercise of an institutionalized person unless burden is the least restrictive means of furthering compelling government interest).  Heikkila's claim for a non-traditional sweat lodge was first asserted in his response to appellees' motion for summary judgment, however, and we therefore conclude it was not properly pleaded in the district court. See N. States Power Co. v. Fed. Transit Admin., 358 F.3d 1050, 1057 (8th Cir. 2004) (where complaint contained no allegations that would notify defendant of claim, party could not manufacture claim late in litigation to avoid summary judgment).  Thus, we modify the dismissal of Heikkila's non-traditional sweat lodge claim to be without prejudice, and we express no opinion on its merits.  We affirm as to all other issues Heikkila raises on appeal.

_____